# In the United States Court of Federal Claims

Nos. 16-950C, 17-2017C, 18-80C, 18-522C, 18-677C, 18-691C, 18-921C, 18-1779C, 19-245C
(consolidated)

(Filed: April 8, 2019)

*******************************************
|   |   |
|---|---|
| CB&I AREVA MOX SERVICES, LLC, <br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Private Law Firm Assisting Federal Agency in Litigation; Protective Order; Contested Applications for Access to Protected Material; 5 U.S.C. § 3106. |

*******************************************

*Mark J. Linderman*, with whom were *Dennis J. Callahan*, *Lisa N. Himes*, and *Stephen L. Bacon*, Rogers Joseph O'Donnell, PC, San Francisco, California for Plaintiff.

*Joseph E. Ashman*, Senior Trial Counsel, with whom were *P. Davis Oliver*, Senior Trial Counsel, *Anthony Schiavetti* and *Sosun Bae*, Trial Attorneys, *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Allison Kidd-Miller*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C. for Defendant.

OPINION AND ORDER

WHEELER, Judge.

Plaintiff CB&I AREVA MOX Services, LLC ("MOX Services") challenges the Government's Applications for Admission to the Protective Order on behalf of fourteen attorneys from the private law firm Fox Rothschild LLP ("Fox Rothschild"). Dkt. No. 168. MOX Services objects to the ability of private law firm attorneys to assist the Government in this litigation pursuant to 5 U.S.C. § 3106. For the reasons explained below, the Court

DENIES MOX Services' objection and GRANTS the Government's Applications for Admission to the Protective Order.

## Background

The Court entered an Amended Protective Order in this case on August 31, 2018. Dkt. No. 122. On March 4, 2019, pursuant to paragraph 5 of the Amended Protective Order, the Government applied for fourteen attorneys from Fox Rothschild to have access to information under the protective order to assist the National Nuclear Security Administration ("NNSA") in this litigation.[1] Dkt. No. 168.

MOX Services timely opposed the Government's applications on March 6, 2019, alleging that 5 U.S.C. § 3106 bars the NNSA from retaining private law firms or attorneys to conduct litigation activities on behalf of the agency. Dkt. No. 169. On March 8, 2019, the Government responded to MOX Services' objection. In its response, the Government argues that NNSA's hiring of the fourteen attorneys does not violate 5 U.S.C. § 3106 because the attorneys are not, and will not be, engaged in the conduct of litigation, and that only the Department of Justice ("DOJ") controls, manages, and directs the litigation. As requested by the Court, on March 18, 2019, MOX Services filed a reply in support of its objection. Dkt. No. 174.

## Discussion

### 5 U.S.C. § 3106 Does Not Bar the NNSA from Hiring Private Attorneys to Assist with the Litigation.

MOX Services objects to the Government's applications alleging that 5 U.S.C. § 3106 prohibits the NNSA from hiring the fourteen Fox Rothschild attorneys to conduct the litigation on its behalf. Section 3106 provides:

> Except as otherwise authorized by law, the head of an Executive department or military department may not employ an attorney or counsel for the conduct of litigation in which the United States, an agency, or employee thereof is a party, or is interested, or for the securing of evidence therefor, but shall refer the matter to the Department of Justice.

5 U.S.C. § 3106. By prohibiting agencies from employing attorneys for the "conduct of litigation," section 3106 reinforces a number of statutory provisions, which establish the

---

[1] The government originally applied for access on February 26, 2019. See Dkt. Nos. 162 and 163. On February 28, 2019, MOX Services, through its objection, notified the Government that it used the incorrect application form. See Dkt. No. 164. The Government fixed its mistake by filing corrected applications on March 4, 2019. Dkt. No. 168.

DOJ as the Government's litigator.  See 28 U.S.C. §§ 515-519, 543, 547.  While section 3106 generally reflects Congress's preference that the DOJ conduct all executive branch litigation, many statutes grant agencies independent litigating authority.  Unless an agency is granted such authority, the DOJ's consent is required for an agency to retain outside counsel.  Thus, agencies routinely employ attorneys to provide legal services other than litigation, but may not employ attorneys as litigators, unless they have statutory authority to conduct their own litigation, or unless the Attorney General has delegated that authority to them.

However, DOJ attorneys often are not the only attorneys working on a given matter. Rather, the DOJ receives "substantial assistance . . . as a matter of course from the attorneys of an agency involved in a lawsuit," and "the range of assistance that attorneys hired with [agency] funds can provide is quite broad."  9 U.S. Op. Off. Legal Counsel 81, 83 (1985), 1985 WL 185395.  "Depending on the nature of a case, [the DOJ] may call upon agency attorneys not only to provide factual material but also to draft pleadings, briefs, and other papers."  2 U.S. Op. Off. Legal Counsel 302, 303 (1978) 1978 WL 15320.  However, agency attorneys may not make final decisions as to the contents of briefs or oral arguments and must remain under the supervision of attorneys from the DOJ.  9 U.S. Op. Off. Legal Counsel 81, 83 (1985), 1985 WL 185395. "Final responsibility for litigation decisions, both strategic and tactical," rests with the DOJ.  Id.  Consequently, though agency attorneys provide other litigation-related assistance to the DOJ, they are not engaged in the "conduct of litigation" and thus, do not violate section 3106.  In other words, "so long as [the DOJ] retains control over the conduct of litigation," such assistance is consistent with section 3106.  Id.

Given the existence of the DOJ and an agency's own staff attorneys, however, the need for a federal agency to retain private counsel to help support the DOJ's litigation efforts rarely occurs.  In the event that the size and complexity of the litigation calls for an agency to retain outside assistance, private counsel is limited in the same regard.  The degree of supervision and oversight over the private firm or lawyer remains the determining factor, which under the circumstances presented in this case, weighs in favor of the Government.

According to MOX Services, the fourteen Fox Rothschild attorneys are or will be improperly engaged in the "conduct of litigation" by performing "quintessential litigation services," which include "drafting requests for admission, developing counterclaims against MOX services, supporting discovery and even drafting a motion for summary judgement."  Pl's. Obj. at 2.  Conversely, the Government argues that the Fox Rothschild attorneys are not developing any claims against MOX Services, and that the other litigation-related services are not the "conduct of litigation."  Def's. Resp. at 6.  According to the Government, the NNSA can hire outside counsel to perform litigation-related services or activities, because the DOJ retains ultimate control over the conduct of litigation in this case.  Def's. Resp. at 5.

As previously explained, the role of an agency in supporting litigation is distinct from the DOJ conducting litigation. The NNSA hired the Fox Rothschild attorneys to provide litigation-related services to support the DOJ in the consolidated matters; this attorney retention does not violate section 3106. Final responsibility for all litigation-related decisions rests exclusively with the DOJ and not the NNSA attorneys, which includes the Fox Rothschild applicants. Def's. Resp. at 5. Moreover, the Government further stated that the "DOJ, not the NNSA or its attorneys, represents the United States," decides what arguments will and will not be advanced in litigation, approves the contents of any legal paper, signs any filing, and appears in Court in this consolidated litigation. Id. Therefore, MOX Services' assertion that the NNSA has hired "a private [law firm] to defend" itself, see Pl's. Obj. at 2, is simply incorrect. The Government has established that the DOJ retains control over the litigation in this case, and thus, the NNSA does not violate section 3106 by hiring the Fox Rothschild attorneys to provide assistance with litigation-related activities.

In the alternative, the Government suggests that MOX Services lacks standing to object to the applications pursuant to section 3106, alleging that MOX Services cannot establish an injury in fact and that it is not a party intended to be protected by section 3106. See Def's. Resp. at 7-8. In opposition, MOX Services contends it has standing simply because it "is entitled to invoke the jurisdiction of a federal court to decide the merits of a dispute or of particular issues." Pl's. Reply at 5. However, section 3106 primarily governs the relationship between the DOJ and federal agencies in the conduct of litigation. While MOX Services may bear the effects, if any, of allowing the Fox Rothschild attorneys access to the protected material in this case, the statute does not allow MOX Services, as a private party, to object to the Government's choices on who will assist the United States in this litigation. Nonetheless, even assuming that MOX Services does have standing, section 3106 does not prevent agencies from engaging in litigation-related activities to support the DOJ.

## Conclusion

For the foregoing reasons, Plaintiff's objection to Defendant's Applications for Admission to the Protective Order is DENIED, and Defendant's Applications for Admission to the Protective Order are GRANTED.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge