# In the United States Court of Federal Claims

No. 16-950C, 17-2017C, 18-80C, 18-522C, 18-677C, 18-691C, 18-921C, 18-1779C,
19-245C, 19-658C
(consolidated)

(Filed: May 29, 2019)

| | |
|---|---|
| ************************************* <br> <br> CB&I AREVA MOX SERVICES, LLC, <br> <br> Plaintiff, <br> <br> v. <br> <br> THE UNITED STATES, <br> <br> Defendant. <br> ************************************* | Contracts Disputes Act; 41 U.S.C. § 7109; Contractor Claim; Appeal of a Government Claim; Recovery of Interest. |

*Dennis J. Callahan* with whom were *Mark J. Linderman*, *Lisa N. Himes*, and *Stephen L. Bacon*, Rogers Joseph O'Donnell, P.C., San Francisco, California, for Plaintiff.

*Anthony Schiavetti*, Trial Attorney, with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, *Allison Kidd-Miller*, Assistant Director, *Joseph Ashman* and *P. Davis Oliver,* Senior Trial Counsel, and *Sosun Bae*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., and *Mary-Ellen Noone*, Site Counsel, Savannah River Field Office, National Nuclear Security Administration, Aiken, South Carolina, for Defendant.

OPINION AND ORDER

WHEELER, Judge.

On June 11, 2018, this Court ordered the National Nuclear Security Administration ("NNSA") to return to Plaintiff CB&I AREVA MOX Services, LLC ("MOX Services") approximately $21.6 million in incentive fees that the NNSA improperly clawed back. Currently before the Court is MOX Services' motion for interest and recovery of penalties and fees on that clawed back amount. Since the dispute over the $21.6 million in already-paid incentive fees originated as an affirmative government claim, MOX Services cannot

recover interest.  For the reasons explained below, the Court DENIES MOX Services' motion.  MOX Services' request for fees is moot considering the Government's representation to the Court that the "NNSA will repay this amount to MOX Services." Def. Resp. at 2.

Background[1]

Beginning in fiscal year 2008, MOX Services became eligible to earn quarterly incentive fees if its progress on construction fell within certain cost and schedule parameters. Dkt. No. 112 at 4.  The incentive fee structure includes a vesting schedule that provides for up to half of previously paid incentive fees to vest as final with MOX Services at the end of the fifth quarter following the quarter in which the incentive fee is earned. Id. at 5.  The remaining half of the incentive fees remain provisional. Id.  MOX Services must repay provisional fees to the United States if MOX Services' performance falls outside of cost and schedule parameters specified in the contract. Id.  The NNSA made 12 incentive fee payments during fiscal years 2008-2010 then stopped paying MOX Services in fiscal year 2011. Id.

On September 29, 2016, MOX Services submitted a certified claim to the NNSA for approximately $53 million in unpaid incentive fee amounts from fiscal years 2011 to 2015 plus approximately $3.5 million in interest. Id. at 6; Am. Compl. Ex. A at 2.  On December 7, 2016, the contracting officer issued two final decisions in a letter sent to MOX Services, wherein the officer (1) denied MOX Services' certified claim for the $53 million in unpaid incentive fees, and (2) directed MOX Services to return $21.6 million in already-paid provisional incentive fees currently in MOX Services' possession. Dkt. No. 112 at 6.  Approximately one month later, the NNSA collected the $21.6 million via offsets.

MOX Services filed a claim in this Court alleging that the NNSA improperly clawed back the $21.6 million. Id. at 2.  The Court agreed and directed the NNSA to return the $21.6 million to MOX Services until the project is completed.  MOX Services now seeks: (1) $12,187.86 in administrative charges that the NNSA assessed MOX Services when the agency clawed back the incentive fees, and (2) $790,840.24 in interest that would have accrued on the $21.6 million over the 18 months during which the NNSA possessed the clawed back amount.

---

[1] The facts surrounding this dispute are fully set out in the Court's Opinion and Order dated June 11, 2018, originally issued as Dkt. No. 76 and reissued as Dkt. No. 112, CB&I AREVA MOX Servs., LLC v. United States, 138 Fed. Cl. 292 (2018).  The Court only briefly recites those facts essential to this issue.

Discussion

A. Standard of Review

Section 7109 of the Contract Disputes Act ("CDA") provides that "[i]nterest on an amount found due a contractor on a claim shall be paid to the contractor for the period beginning with the date the contracting officer receives the contractor's claim, pursuant to section 7103(a) of this title, until the date of payment of the claim." 41 U.S.C. § 7109(a)(1). Section 7103(a) further clarifies that the "claims" referenced in section 7109 are those "by a contractor made against the Federal Government." Consistent with the CDA, section 33.208 of the Federal Acquisition Regulation provides that "[t]he Government shall pay interest on a contractor's claim on the amount found due and unpaid." FAR 33.208. Accordingly, the CDA permits interest recovery on a "contractor's claim" but not on the successful appeal of a Government claim. See, e.g., Magnus Pac. Corp. v. United States, 133 Fed. Cl. 640, 665 (2017) (collecting cases finding the same). Accordingly, if the Government first disputed MOX Services' entitlement to the $21.6 million, then MOX Services may not recover interest.[2]

B. The Claim to the $21.6 Million Originated as a Government Claim.

MOX Services' September 29, 2019 "Certification of Claim" expressly seeks payment of $53 million plus approximately $3.5 million in interest. See Am. Compl. Ex. A at 5. This claim certification makes no mention of the $21.6 million nor does it request any interpretation of contract terms regarding MOX Services' entitlement to retain already-paid fees. MOX Services attempts to retroactively inject a claim to the $21.6 million in previously-paid incentive fees into its September 29, 2016 claim.

First, MOX Services' citations to language scattered throughout its claim is unavailing. MOX Services points to a declaration that it had met the "cost and schedule performance targets, and currently is entitled to the entire $81,990,019 in incentive fee on the Contract." Id. at 232. MOX Services submits that it sought an interpretation of contract terms, and within that approximately $82 million included a claim to $53 million in unpaid incentive fees as well as to the $21.6 million in provisional incentive fees already paid. However, MOX Services also cites a footnote in its claim which provided that "The parties also included a collateral savings/cost share provision which would provide an additional upward or downward adjustment. The collateral savings/cost share adjustment is made at the end of performance, is not relevant at this time and, thus, is not addressed in this claim." Id. at 108 n.13. Plaintiff, therefore, explicitly limited its claim to amounts due but unpaid. This interpretation is consistent with its demand for the $53 million in unpaid fees plus interest.

---

[2] The parties do not dispute this interpretation of section 7109(a)(1).

Second, MOX Services maintains that implicit in its claim for the $53 million plus interest for unpaid incentive fees was a claim for entitlement to retain the $21.6 million in paid provisional incentive fees. See Pl. Mot. at 10. It would be illogical to read MOX Services' September 29, 2016 certified claim as implicating the $21.6 million. At that time, MOX Services remained in possession of that money and the NNSA had not yet demanded repayment of those provisional fees. Put differently, there was nothing for MOX Services to contest at that point.

Lastly, this Court and MOX Services have both consistently characterized the dispute over the $21.6 million as an affirmative government claim. See Am. Compl. ¶ 7 ("MOX Services appeals four contracting officer's final determinations (COFDs) . . . . MOX Services appeals a second COFD, set forth in the same NNSA letter, that required MOX Services to repay to NNSA incentive fees that had been paid to MOX Services on a provisional basis."); Dkt. No. 112 at 14 ("Count II is an affirmative government claim in which the NNSA clawed back $21.6 million in provisional incentive fee payments previously made to MOX Services. MOX Services did not present a certified claim to the contracting officer for this amount.")

The contracting officer's December 7, 2016 letter demanding that MOX Services repay the $21.6 million in previously-paid provisional incentive fees put entitlement to those fees at issue. MOX Services then appealed that affirmative government claim. The CDA does not provide for the payment of interest on the successful appeal of a government claim, and MOX Services is not entitled to interest as a result.

## Conclusion

For the reasons stated above, the Court DENIES Plaintiff MOX Services' motion for interest on clawed back incentive fees. Its request for recovery of penalties and fees on those clawed back incentive fees is moot.

IT IS SO ORDERED.

s/ Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge